STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-008

GEOFFREY REESE,
        Petitioner

**DECISION**

v.

MAINE DEPARTMENT OF
CORRECTIONS, GARY WALTZ,
DAVID ALLEN, JODY BRETON and
RANDALL LIBERTY
        Respondents

## INTRODUCTION

The matter before the court is an appeal by Geoffrey Reese, an inmate at the Maine State Prison, from the Commissioner's denial of his grievance that upheld the refusal to allow him to possess, within the prison, a single photograph that appears to depict a woman in a nightclub or bar holding an alcoholic beverage. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2017, Reese was notified in writing that a piece of mail addressed to him from T. Soloman and consisting of "1 personal photo" was not being forwarded to him because it "depicts or describes the use or manufacture of. . . alcoholic substances . . . ." (*Administrative Record, hereinafter A.R. at 2*). On October 30, 2017, Reese utilized the Prisoner Grievance Procedure to complain that the photograph should not have been withheld from him because: (1) it was merely an assumption that the beverage in the photograph was alcoholic, and; (2) the mail policy prohibiting material that depicts alcohol is invalid. *A.R. at 1.* Informal

resolution of the grievance was unsuccessful, with the prison staff member stating: "Picture is taken in a bar setting of more likely than not a mixed drink." *Id.*

Reese pursued appeals at all levels of the grievance process, and at all levels his grievance was denied including the final denial by the Commissioner on January 16, 2018. *(A.R. at 7).* On February 16, 2018, Reese filed a Petition for Judicial Review. On May 7, 2018, he sent a letter addressed to the clerk of this court and enclosed what appears to be the original of an MDOC "Prisoner Property Contraband Disposition Form" dated October 24, 2017. The form described the contraband article as "1 personal photo – Not Allowed – Alcohol." Stapled to this form was the original of the photograph in question. The photograph depicts a man (who the court presumes is Mr. Reese) with his arms around two women on either side of him. The woman on his left (to the right of the photo) is holding, in her left hand, a cell phone and a beverage in a glass with a black straw. The setting of the photograph appears to be a nightclub or bar.

In his letter to the Clerk, Reese explained that he was not allowed to possess the photograph and MDOC would not maintain custody of it, so he decided to send it to the court so that it could be included with the administrative record on appeal.[1] Subsequently, Reese filed a number of procedural motions, including a motion to amend his petition/complaint. The court denied that motion on October 22, 2018.

The Department of Corrections has adopted a policy governing prisoner communication, including the receipt of mail from outside the prison. *See Policy No.*

---

[1] Sending the photograph to the court was apparently prompted by Reese's receipt of a memo from the property manager at the Maine State Prison advising him that his grievance had "expired" and the item (the photograph) would be disposed of if he did not take some action. Reese was told that he could mail the item out of the prison, send it out through a visit or put it in the trash.

*21.2 (2-29-2016 revision).* Section VI, Procedure E (2) addresses the subject of prohibited materials. Procedure E (2)(d) provides:

> Publications and other materials, including correspondence, sent to prisoners are prohibited if they contain any of the following:
> d. material that depicts or describes the use or manufacture of drugs, alcoholic substances, firearms, explosives, or other weapons, keys or other security devices, or skills, implements, or other information which could reasonably be used to effect escape or cause harm or injury to persons or property.

As noted above, at the informal resolution stage of the grievance procedure the property manager/media review officer (Gary Waltz) relied upon the policy quoted above to withhold the photograph from the Petitioner. Reese argued that it was merely an assumption that the beverage held by the woman in the photo was alcoholic. Moreover, he claimed that alcohol is a legal substance outside the prison and, therefore, photographic images of something that is legal to possess and consume should not be prohibited inside the prison. *(A.R. at 1).* The property manager disagreed and found that the photo was taken at a bar or similar venue, and it was more likely than not that the beverage was alcoholic. *Id.* The grievance review officer at Level I agreed that the photo "depicted alcoholic beverages, and by MDOC policy they are not allowed."[2] *(A.R. at 3).*

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989

---

[2] The grievance review officer (Capt. Allen) mistakenly referred to three (3) photographs that were withheld from the Petitioner. The parties agree that only one (1) photograph was withheld.

A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612. Judicial review of an administrative agency's interpretation of its own rules is given "considerable deference" and should only be set aside when the regulation compels a contrary result, or its interpretation is contrary to the governing statute. *Friends of the Boundary Mts. v. Land Use Regulation Comm'n*, 2012 ME 53, ¶ 6, 40 A.3d 947.

On appeal, Reese raises a number of arguments in support of his contention that the photograph in question should not have been withheld from him.

First, he asserts that it cannot be determined as a fact that the glass being held by the woman in the photo contained an alcoholic substance. In the absence of "substantial or scientific evidence," Reese argues, the decision of MDOC to prohibit the photograph on the basis of Policy 21.2, Sect. VI, Proc. E(2)(d) was not supported by competent evidence in the record.[3] The court disagrees. The prison administrators and staff are not required to make their assessments and judgments in this context on the basis of absolute certainty. They are quite properly permitted to draw reasonable and common-sense inferences from the evidence, in this case the photograph itself.

---

[3] In his "Declaration in Support of Brief," Reese has suggested that the woman in the photo was pregnant and was only drinking "cranberry juice from our carafe."

4

Here, the photograph shows two women and a man in a nightclub or bar where alcoholic beverages are customarily served and consumed. It was reasonable for MDOC officials to conclude that the glass being held by the woman in the photograph contained a mixed alcoholic drink. In short, the court finds that there is competent evidence in the record supporting the determination that the photograph was prohibited by virtue of Policy 21.2, Sect. VI, Proc. E (2)(d) because it depicted the use of alcoholic substances.

Second, Reese argues that the policy prohibiting material or correspondence that depicts alcoholic substances is unconstitutionally vague because prison officials cannot determine the exact meaning of the reference to alcohol. Again, the court disagrees. Reese has attempted to create ambiguity where none exists. It does not take any guesswork for an official at the Maine State Prison to reasonably conclude that the drink held by the woman in the photograph, taken while frequenting a nightclub or bar was, in all likelihood, an alcoholic beverage. In the court's view, there is nothing vague about the policy that prohibits material that depicts alcoholic substances.

Next, Reese maintains that the prison policy prohibiting material or correspondence that depicts alcoholic substances does not met the standards enunciated by the United States Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987) and *Thornburgh v. Abbott*, 490 U.S. 401 (1989). In particular, Reese argues that alcohol is a legal substance that may be consumed by adults in American society. From this fact, he concludes that it is irrational to prohibit the depiction of alcohol within the prison environment.

In *Turner*, the Supreme Court clarified that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89. The Court held that this standard was necessary if "'prison administrators . . . , and not the courts, [are] to make the

5

difficult judgments concerning institutional operations.'" *Id. citing and quoting Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 128 (1977). The court described a number of factors that it considered relevant in making the determination of reasonableness. First, there must be a "valid, rational connection" between the regulation and the government's interest put forth to justify it. *Id. at 90.* Here, MDOC advances the argument that prohibiting the depiction of alcoholic substances is especially reasonable and rational in the context of prison because so much of the criminal activity that results in the incarceration of otherwise free citizens is the direct result of substance abuse, including alcohol. The court agrees. In the court's view, preventing the depiction of alcohol and/or its consumption is reasonably and rationally related to the legitimate penological goal of addressing a primary root cause of criminality, namely, substance abuse. Accordingly, the court finds that Policy 21.2, Sect. VI, Proc E (2)(d) is neither arbitrary nor irrational, but rather, is legitimate and neutral. *See generally Stauffer v. Gearhart*, 741 F.3d 574, 584-85 (5th Cir. 2014).

In assessing the reasonableness of a prison regulation, the court must also consider whether there are alternative means of exercising the inmate's rights. Here, Reese has a wide variety of publications, materials and correspondence that are not prohibited. *See Thornburgh v. Abbott*, 490 U.S. at 417-18. Reese has not proposed any alternative other than total invalidation of the policy. For example, he has not suggested that the photograph in question could be cropped so as to eliminate the depiction of alcohol.

A third factor is the impact on the prison community (both inmates and guards) of accommodating the inmate's asserted constitutional right. Reese claims a constitutional right to possess a photograph that depicts a friend in a nightclub holding an alcoholic drink. To accommodate that alleged right, the policy prohibiting the depiction of alcoholic substances would have to be jettisoned almost in its

entirety. Such a result would undercut, if not totally frustrate, the legitimate penological goal served by the policy in the first place.

Reese's claim that his due process rights were violated because Gary Waltz made the initial decision to withhold the photograph from him and then also served as the prison official at the informal resolution stage, is without merit. The Prisoner Grievance Process (Policy No. 29.01) has at least four levels, including informal resolution and culminating with an appeal to the Commissioner at level three. State law requires the Commissioner to establish a prisoner grievance process but it leaves the details of that process entirely up to the Commissioner. Nothing in that policy, state law or constitutional provisions suggests that due process prohibits a prison official who made an initial decision from also attempting to informally resolve a prisoner grievance.

Finally, contrary to Reese's argument, the sender of the photograph was not entitled to an opportunity to be heard on the decision to withhold it from Reese in accordance with the prison policy. This case involves the regulation of mail coming into the prison, not mail that an inmate is sending outside the prison. *See Thornburgh v. Abbott*, 490 U.S. at 413 (*Procunier v. Martinez,* 416 U.S. 396 (1974) is "limited to regulations concerning outgoing correspondence.").

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED.

The Clerk is directed to incorporate this Order by reference in the docket of this case in accordance with M.R.Civ.P. 79(a).

DATED: February 28, 2019

William R. Stokes
Justice, Maine Superior Court